NORMAN CLAPPER, Appellant, v. WILLIAM E. KELLS, Respondent.

*Covenant by a landlord to keep premises in repair — evidence as to the damage*
*sustained by reason of a breach thereof.*

Proof of the price paid for certain ice and of the amount that the purchaser
thereof said he would have paid therefor if the icehouse in which it was had
been in good repair is not competent evidence to establish the damage sus-
tained by the owner of such ice by reason of the breach by his landlord of a
covenant in his lease whereby the landlord agreed to keep the icehouse in good
repair.

APPEAL by the plaintiff, Norman Clapper, from a judgment of
the County Court of Rensselaer county in favor of the defendant,
entered in the office of the clerk of the county of Rensselaer on the
7th day of September, 1892, upon the decision of the court affirm-
ing the judgment of a justice of the peace of the town of Nassau,
Rensselaer county.

*Nelson Webster*, for the appellant.

*Alfred A. Guthrie*, for the respondent.

PUTNAM, J.:

This action was brought in a Justice's Court to recover on an
alleged claim for rent, goods, chattels and labor. The defendant in
his answer, besides a general denial, set up several counterclaims.
The third alleged counterclaim was for damages sustained by him in
consequence of the failure of plaintiff to fulfill an agreement to
repair an icehouse leased by plaintiff to defendant. The case was
tried before a justice and a jury and the defendant obtained judg-
ment against the plaintiff in the action for forty-nine dollars and
twenty cents damages and costs. The jury, therefore, must have
allowed the defendant his counterclaim or some part thereof.

On the trial, the written lease executed by plaintiff to defendant
was received in evidence, and it contained a covenant on the part of
plaintiff to keep the premises rented in good repair. There was
testimony showing that plaintiff had failed to perform this covenant.
The defendant was, therefore, entitled to recover whatever damages
he had sustained. But, after a careful examination of the testimony

contained in the case, we are unable to discover any proper evidence on which the jury could estimate the damage resulting from such breach of covenant. There was no proof whatever as to what extent the ice melted or was damaged in consequence of plaintiff's failure to repair the icehouse. There was no satisfactory proof as to what repairs the icehouse needed, or to show how much less the ice was worth in consequence of plaintiff's breach of covenant than it would have been had that covenant been performed. In fact, the judgment seems entirely unsupported by the evidence. The testimony given on the trial as to what Hayes paid for the ice and what he said he would have paid for it had the icehouse been in good repair was so clearly not competent to show damage that it is unnecessary to discuss the matter.

On the trial, also, objections of the plaintiff to clearly improper evidence offered by defendant was overruled by the justice. For instance, defendant having shown that he sold the ice for $300 and asked $500 for it, the following proceedings were had : " Q. Did purchasers at the time of purchase state the reason for refusing to pay the sum of $500 ? [Objected to as immaterial and as calling for a conversation between third parties in absence of plaintiff. Objection overruled.] A. Yes, sir. Q. What was the reason? [Objection same as before. Overruled.] A. Because the icehouse was in such bad shape. Q. What further did they say ? [Objected to same as before and upon the further ground as not a proper rule of damages. Overruled.] A. They said they would not give but $300 just as it was. I took the $300. They would have given me $400 if the ice was in good shape."

It requires no discussion or citation of authorities to show that the above evidence so objected to by plaintiff was hearsay and improper.

Other objections of the plaintiff to incompetent evidence offered by the defendant were erroneously overruled by the justice. For instance, plaintiff claimed to recover of defendant for an ice bar. The justice allowed the following question to be asked of the witness Hayes: " Q. State what, if anything, Wm. Garrison said to you in regard to the ice bar ? [Objected to as conversation between third parties, hearsay, improper and immaterial. Objection overruled.] A. He said the bar was his."

It follows that the judgment of the courts below must be reversed, with costs to appellant in this court and in the County Court.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, with costs in this court and in the County Court.